278                    June 11, 2025                    No. 532

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of J. S.,
a Person Alleged to have Mental Illness.
STATE OF OREGON,
*Respondent,*

*v.*

J. S.,
*Appellant.*

Lane County Circuit Court
24CC02596; A184449

R. Curtis Conover, Judge.

Argued and submitted March 20, 2025.

Christopher J. O'Connor argued the cause for appellant. Also on the brief was Multnomah Defenders, Inc.

Joanna Hershey, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Shorr, Presiding Judge, Pagán, Judge, and Walters, Senior Judge.

SHORR, P. J.

Affirmed.

**SHORR, P. J.**

Appellant seeks reversal of a judgment involuntarily committing him to the Oregon Health Authority for up to 180 days on the basis that appellant has a mental disorder that makes him a danger both to himself and others. He raises two assignments of error. First, he contends that the trial court erred by committing him on the basis that he was a danger to himself after the state had withdrawn that allegation. Second, he argues that the evidence was insufficient for the court to find that he was either a danger to himself or others at the time of his hearing. As we explain below, we do not reach appellant's first assignment. We reject his second assignment to the extent that we conclude that the evidence was legally sufficient to support appellant's commitment based on danger to others. As a result, we affirm.

Neither party has requested *de novo* review, and this is not an exceptional case that justifies such review. *See* ORAP 5.40(8)(C) (we exercise discretion to review *de novo* "only in exceptional cases"). We therefore review the sufficiency of the evidence to support appellant's civil commitment for legal error and are bound by the trial court's factual findings that are supported by evidence in the record. *State v. C. M. C.*, 301 Or App 206, 207, 454 P3d 30 (2019). We view the evidence "in the light most favorable to the trial court's disposition." *State v. T. Y.*, 285 Or App 21, 22, 396 P3d 986 (2017). Because the parties are familiar with the factual and procedural background, we recite in our analysis only those facts necessary to explain our decision.

In appellant's first assignment of error, he argues that the trial court erred in determining that he was a danger to himself after the state had withdrawn that allegation, asserting that the court violated his due process rights in doing so. Before the trial court, appellant did not argue that it was error or a due process violation for the court to commit him on a theory—danger to self—that the state had declined to pursue. As a result, the state contends that appellant did not preserve his first assignment of error. We do not address the issue of preservation or the merits of appellant's argument. Instead, we conclude that, because we affirm the trial court's judgment on an alternative basis,

we do not need to resolve the first assignment of error. We turn to that alternative basis and consider appellant's argument that there was insufficient evidence to support the trial court's civil commitment ruling.

Appellant's second assignment of error challenges the sufficiency of the evidence to support the trial court's determination that he was a danger to others, ORS 426.005 (1)(f)(A).[1] The state responds that the evidence was sufficient to support the trial court's determination that appellant was a danger to others. Based on our review of the record, we conclude that there was legally sufficient evidence in the record for the trial court to determine that appellant was a danger to others. "To permit commitment on the basis of dangerousness to others, the state must establish that actual future violence is highly likely." *State v. C. L.*, 313 Or App 539, 542, 495 P3d 748 (2021) (internal quotation marks omitted). Whether a person is a danger to others is determined by his condition at the time of the hearing as understood in the context of his history. *State v. D. L. W.*, 244 Or App 401, 405, 260 P3d 691 (2011). If a mentally ill person has "threatened others and has also carried out an overt violent act in the past against another person, those facts generally constitute clear and convincing evidence that the person is a danger to others." *Id.*

In the weeks leading up to his commitment hearing, appellant experienced a manic episode that caused him to behave violently towards others. Among other incidents and threats, there was evidence that appellant lunged at a friend with a knife, struck another friend in the face, placed his mother in a chokehold, and threw heavy objects at a neighbor. Appellant does not dispute those facts, but rather argues that the manic episode had subsided by the time of the hearing, and he was no longer dangerous. Appellant's treating psychiatrist agreed that appellant had not been violent or aggressive within the days prior to the hearing. However,

---

[1] In appellant's second assignment of error, appellant also argues that the evidence was insufficient to support a judgment that appellant was a danger to himself. As noted, in the trial court, the state declined to pursue the theory that appellant was a danger to himself. It also does not argue that theory on appeal. We resolve this case based solely on the state's theory that appellant was a danger to others.

the psychiatrist stated that appellant was not at therapeutic levels of certain medications, and needed to be monitored until those levels were reached. He also believed that appellant would regress to his preconfinement state if he stopped taking medications, and expressed concern over appellant's ability to maintain his medication regimen. Friends testified that, while appellant was in a manic state prior to his hospitalization, it had been "impossible to get him to take his medication." As recently as the day before the hearing, appellant told an investigator that he did not have a mental illness and would stop taking medications if released. He made similar statements to various hospital staff and family members throughout his confinement. Although appellant testified to the contrary at the hearing, the evidence viewed in the light most favorable to the trial court's disposition indicated that, if released, appellant was likely to discontinue his treatment regimen and return to his prior violent state. *See State v. K. G.*, 330 Or App 493, 503-04, 544 P3d 403 (2024) (affirming commitment where the appellant was dangerous, lacked insight into her condition, and was unlikely to comply with the medication regimen).

Under Oregon law, a person may be involuntarily committed if the person is determined to be a "person with mental illness," ORS 426.130(1)(a)(C), which includes a "person who, because of a mental disorder, is *** [d]angerous to *** others," ORS 426.005(1)(f)(A).[2] The evidence was sufficient for the court to conclude that appellant was a danger to others because of his mental disorder, and therefore the court did not err in committing appellant pursuant to ORS 426.130(1)(a)(C) and ORS 426.005(1)(f). That conclusion obviates the need to address appellant's arguments regarding

---

[2] ORS 426.130(1) provides, as relevant here:

"After hearing all of the evidence, and reviewing the findings of the examiners, the court shall determine whether the person has a mental illness and is in need of treatment. If, in the opinion of the court, the person:

"(a) Is a person with mental illness based upon clear and convincing evidence, the court:

"* * * * *

"(C) May order commitment of the person with mental illness to the Oregon Health Authority for treatment[.]"

ORS 426.005(1)(f) defines "person with mental illness" as including "a person who, because of a mental disorder, is *** [d]angerous to self or others."

the court's finding that he was a danger to himself. *State v. K. S.*, 223 Or App 476, 486 n 3, 196 P3d 30 (2008) (affirming on the basis of danger to others and declining to decide whether the appellant was a danger to self).

Affirmed.